UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JUNIOR MCHAYLE, | ) | CASE NO. 4:09 CV0466 |
| | ) | |
| Petitioner, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| DEPARTMENT HOMELAND | ) | |
| SECURITY, | ) | |
| | ) | |
| Respondent. | ) | |

Pro se petitioner Junior McHayle filed the above-captioned petition for writ of mandamus against the Department of Homeland Security (DHS). Mr. McHayle, who is incarcerated at the Northeast Ohio Correctional Center (N.E.O.C.C.) in Youngstown, Ohio, claims the DHS has failed to respond to his application for a determination of his immigrant status. For the reasons stated below, the petition is denied and this action is dismissed pursuant to 28 U.S.C. § 2243.

*Background*

The facts recited in the complaint are brief. Mr. McHayle filed an "Application for waiver pursuant to Pre IIRIRA provision of INA 212(c)" on November 10, 2008. (Pet. at 1.)

Almost two months later, he sent a letter on or about January 13, 2009 requesting the status of his application. At the time he filed this mandamus action, he still had not received a response. Mr. McHayle now complains he needs an answer from respondent to know his immigration status "at the completion of his term of incarceration." (Pet. at 1.)

*Writ of Mandamus*

The Mandamus Act vests district courts with original jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus relief is appropriate, however, "only when the plaintiff's claim is clear and certain and the duty of the officer is ministerial and so plainly prescribed as to be free from doubt." Giddings v. Chandler, 979 F.2d 1104, 1108 (5th Cir.1992); see also Davis v. Fechtel, 150 F.3d 486, 487 (5th Cir.1998). Petitioner must establish: (1) that he has a clear right to have his application adjudicated; (2) that respondent has a nondiscretionary duty to rule on the application; and (3) that he has no other adequate remedy. See Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980) (party seeking mandamus relief must show "clear and indisputable" right and have no other adequate remedy); Dunn-McCampbell Royalty Interest, Inc. v. National Park Service, 112 F.3d 1283, 1288 (5th Cir.1997) (duty must be for specific, ministerial act, devoid of discretion).

Mr. McHayle's petition fails on every level. The relevant facts in this case, as set forth in United States v. McHayle, No. 90-1873,1991 WL 105758 (6th Cir. June 14, 1991), cert. denied, 502 U.S. 92(1991), reveal

> McHayle was indicted on May 25, 1989, for possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). A two day jury trial was held on November 29 and December 1, 1989. McHayle's retained trial counsel waived his opening

> statement and, at the close of the government's case, moved for a judgment of acquittal but offered no evidence. The District Court denied McHayle's Federal Rules of Criminal Procedure 29 motion for acquittal and heard closing arguments. While the jury was deliberating, McHayle-who was free on bond-failed to return from a lunch break. The jury returned a verdict of guilty and the District Court issued a bench warrant for McHayle's arrest.
>
> McHayle was arrested on the warrant on April 30, 1990. . . . McHayle was sentenced on August 7, 1990, in accordance with the Sentencing Guidelines, to a term of 262 months imprisonment, to be followed by deportation.

Id. See Myers v. United States, 198 F.3d 615, 619 (6th Cir.1999)(proper for federal court in a post-conviction proceeding to rely on factual conclusions given on direct appeal). The court also noted Mr. McHayle, a Jamaican national, is a resident alien.

Mr. McHayle's criminal conviction rendered him subject to deportation under the 1996 Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA). See Pub. L. No. 104-208, Division C, 110 Stat. 3009-546 (1996) (codified as amended in scattered sections of 8, 18, and 28 U.S.C.); see also STEPHEN H. LEGOMSKY, IMMIGRATION AND REFUGEE LAW AND POLICY 290-91 (2d ed. 1997). By his own admission, petitioner is still serving his term of imprisonment. There is no allegation the DHS has initiated the deportation process. Therefore, it now appears he is attempting to preempt the process by seeking a waiver of his deportability pursuant to § 212 of the Immigration and Nationality Act, 8 U.S.C. § 1182, which was repealed in 1996. See 8 U.S.C. § 1229b(b)(replacing 8 U.S.C. § 1182(c), "a new, but basically similar, section," LaGuerre v. Reno, 164 F.3d 1035, 1037 (7th Cir.1998)).[1] Under the former statute, the

---

[1]The statute provides, in part:

> Cancellation of removal and adjustment of status for certain nonpermanent residents

(continued...)

Attorney General was authorized to cancel removal of, and adjust the status of an alien lawfully admitted for permanent residence, but who is inadmissible or deportable from the United States. The former and current statute delegated discretion to grant a waiver of deportability to the Attorney General, who sub-delegated it to the Board of Immigration Appeals (BIA) and the "immigration judges" who adjudicate deportation proceedings. See 8 C.F.R. §3.1(d)(1) (2001) (delegating discretionary authority to the BIA in adjudication of deportation and removal proceedings). After amendments to the immigration statutes in April and September of 1996, however, the criteria of eligibility for the waiver changed. See 8 U.S.C. §1182(c) (1994) (repealed 1996) (defining waiver of excludability for returning permanent residents). Whether these amendments will render petitioner ineligible for § 212(c) waiver is not a matter within this court's jurisdiction.[2] See Immigration and Naturalization Serv. v. St. Cyr, 533 U.S. 289, 297

---

[1](...continued)

(1) In general

> The Attorney General may cancel removal of, and adjust to the status of an alien lawfully admitted for permanent residence, an alien who is inadmissible or deportable from the United States if the alien--
>
> > (A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application . . .

[2]If Mr. McHayle believed he was entitled to a § 212(c) waiver, he would be entitled to file a motion to reopen or for reconsideration by the BIA. These requests are only reviewed by the Court of Appeals for the appropriate district, and not the federal district court. See Barker v. Ashcroft, 382 F.3d 313, 315-16 (3d Cir.2003)(denial of motion to reopen reviewed by circuit court under "abuse of discretion" standard); Sevoian v. Ashcroft, 290 F.3d 166, 169 (3d Cir.2002); Tipu v. INS, 20 F.3d 580, 582 (3d Cir.1994) ("[d]iscretionary decisions of the BIA will not be disturbed unless they are found to be 'arbitrary, irrational or contrary to law" ').

(2001)(BIA ruled amendments made St. Cyr ineligible because of his conviction, and ordered his removal).[3]

Based on the facts alleged, the DHS is not under a nondiscretionary duty to grant petitioner's request. An application for adjustment of status or waiver of deportability can only be made during the course of a deportation proceeding in which an immigration judge finds an applicant to be deportable. See e.g., Karageorgious v. Ashcroft, 374 F.3d 152, 157 (2d. Cir. 2004). Therefore, petitioner, who has not alleged he was in deportation proceedings at the time he filed his application, is not statutorily eligible for a waiver of deportation, and thus Mr. McHayle cannot establish a clear and indisputable right to a favorable adjudication of his application.

Based on the foregoing, his request for a writ of mandamus is **denied**. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

S/Peter C. Economus - 6/8/09
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE

[3]Even though the waiver provisions were repealed, the Supreme Court held that "§ 212(c) relief remains available for aliens ... whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." Arias v. United States Attorney General, 482 F.3d 1281, 1283 n. 1 (11th Cir.2007) (per curiam) (citation omitted).